**Joe C. LOGAN, Petitioner–Appellant,**

v.

**James E. HALL, Respondent–Appellee.**

**No. 05–55903.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2006 *.

Filed Nov. 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Joe C. Logan, Blythe, CA, pro se.

Christopher Hawthorne, Esq., Los Angeles, CA, for Petitioner–Appellant.

Kevin R. Vienna, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Peter D. Lepiscopo, Esq., San Diego, CA, for Amicus, Pacific Justice.

Before: SILVERMAN and BYBEE, Circuit Judges, and DUFFY,** District Judge.

MEMORANDUM ***

Petitioner–Appellant Joe C. Logan appeals from a judgment and order of the United States District Court for the Central District of California, dismissing as untimely his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

The dismissal of a federal habeas petition based on the limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), is reviewed de novo.

** The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See Malcom v. Payne,* 281 F.3d 951, 955–56 (9th Cir.2002).

On December 17, 1998, Petitioner was convicted by a California state jury of kidnaping in the course of a carjacking, unlawful taking of a vehicle and attempted second degree robbery. On February 19, 1999, he made a pro se motion requesting certain court records, including a transcript of the voir dire, for use on appeal.[1] Appellate counsel was appointed, as requested by Petitioner, and the court did not respond to his pro se motion. No additional motion for the voir dire transcript was made to the court by Petitioner or his counsel. Petitioner's appeal did not raise any issues related to the voir dire. The appeal was denied and the judgment of conviction became final on July 11, 2000.

In Petitioner's first state petition for a writ of habeas corpus, dated April 8, 2001, he did not request a transcript of the voir dire and the petition did not raise any claims arising out of the voir dire. The denial of the petition was final on August 24, 2001. On June 25, 2002, Petitioner sent a letter to the court reporter requesting the voir dire transcript. A response was sent to him from the Superior Court Judge on August 27, 2002, explaining that his request required a court order which must be based on a showing of good cause. Petitioner was instructed to make a motion "giving the reasons why [he] believe[s] the transcripts of voir dire are necessary for future appellate action."

Petitioner requested the voir dire transcript in his second state habeas petition,

1. The California Rules of Court specifically exclude voir dire transcripts from the normal record on appeal. CAL. RULES OF COURT R. 31(c)(3). A voir dire transcript can be requested, but the moving party must explain how it may be useful on appeal. CAL. RULES OF COURT R. 31.1(b)–(c).

874

dated November 8, 2002. The petition was denied on its merits. The request for the transcript was also denied based on Petitioner's failure to explain what the transcript would demonstrate. Petitioner filed two more unsuccessful state habeas petitions, the last of which was denied on September 15, 2004. On September 27, 2004, Petitioner filed a federal habeas petition, which was dismissed as untimely on May 11, 2005. A Certificate of Appealability was granted on September 13, 2005.

Petitioner argues that because the state court did not provide him with a transcript of the voir dire, he is entitled to statutory tolling under the AEDPA or, alternatively, to equitable tolling. The AEDPA generally provides for a one-year period of limitations from the time the judgment becomes final in the state court. *See* 28 U.S.C. § 2244(d)(1)(A). If a petitioner is prevented from filing a petition because of state action that violates the Constitution or federal law, the limitation period will begin to run on the date that impediment is removed. *See* 28 U.S.C. § 2244(d)(1)(B). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

■ Petitioner fails to satisfy the requirements for statutory tolling. Neither the Constitution nor federal law requires a state to provide a petitioner on collateral review with free transcripts, absent a showing of why the transcripts are necessary for the preparation of the petition. *See United States v. MacCollom,* 426 U.S.

317, 324–26, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)(plurality opinion). Petitioner has not made such a showing. In fact, the limitation period expired before Petitioner made his first motion for the voir dire transcript in the context of collateral review.[2] Therefore, the limitation period expired before Petitioner met his burden.

■ Likewise, Petitioner does not present a sufficient basis for equitable tolling. Equitable tolling requires the existence of exceptional circumstances that were the proximate cause of a petitioner's untimeliness. *See Espinoza–Matthews v. California,* 432 F.3d 1021, 1026 (9th Cir.2005). Here, Petitioner does not present such extraordinary circumstances; rather, the proximate cause of Petitioner's untimeliness was his own failure to respond to the requirements of which he was repeatedly informed.

Petitioner is not entitled to either statutory or equitable tolling of the AEDPA's limitation period; therefore, we AFFIRM the judgment of the district court.

**2.** Petitioner's first state habeas petition, which did not request the voir dire transcript, was dated on April 8, 2001. Under the AEDPA, the limitation period is tolled during the pendency of a properly filed application for collateral review in state court. *See* 28 U.S.C. § 2244(d)(2). Therefore, the days that the first petition was pending have not been included in the calculation.